## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **MICHAEL E. McKINZY, SR.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | **No. 09-2318-CM-JPO** |
| **INTERNAL REVENUE SERVICE,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

### MEMORANDUM AND ORDER

On June 15, 2009, plaintiff Michael McKinzy filed this *pro se* civil rights action against defendant Internal Revenue Service ("IRS") alleging that it unlawfully refused to timely refund tax refunds due him according to his amended returns (Doc. 1).[1]  On July 6, 2009, plaintiff filed a motion for summary judgment (Doc. 9).  Defendant filed a cross-motion for summary judgment (Doc. 12, 15) and plaintiff responded (Doc. 17).  For the reasons that follow, the court denies plaintiff's motion and grants defendant's motion.

## I.    Factual and Procedural Background[2]

_____

[1]  Although the named defendant is the Internal Revenue Service, the proper defendant in this case is the United States.  28 U.S.C. § 1346(a)(1) (granting the district courts jurisdiction over the United States–not the IRS–for suits to recover internal-revenue tax).

[2]  The court has combined the facts proposed by both parties, and included only those that are relevant, material, and properly supported by the record.  Here, the undisputed facts appear to establish the dates that plaintiff filed certain of his amended tax refund claims and the amount of refund requested.  Plaintiff filed an amended tax refund claim for his 1999 taxes on June 26, 2007, seeking $4,671; he filed amended tax refund claims for tax years 2001, 2002, and 2003 on September 17, 2007, seeking $5,004, $1,543, and $4,277 respectively; an amended tax refund claim for his 2005 taxes on August 20, 2007, seeking $1,560; his 2008 income tax return on February 9, 2009, seeking a refund of $1,055.

Plaintiff's complaint in this court alleges that the IRS unlawfully denied him refunds he was entitled to for tax years 1999, 2001, 2002, 2003, 2005, 2007, and 2008.  In his motion for summary judgment, plaintiff argues he is entitled to summary judgment as to tax years 1999, 2001, 2002, and 2003 because his amended tax refund claims were "timely filed," he was "lawfully entitled" to a refund, and the IRS "wrongfully disallowed" his refund claim.  (Doc. 9, at 1–2.)[3]

In response, defendant filed a Response in Opposition and Cross-Motion for Summary Judgment, arguing that (1) plaintiff's claims related to tax years 1999, 2001, 2002 and 2003 are barred by collateral estoppel and res judicata; and (2) plaintiff's claims related to 2003, 2005, 2007, and 2008 are moot.  As a result, the defendant seeks judgment as a matter of law.[4]

## II.    Western District of Missouri Case

It is undisputed, and a matter of public record, that on July 19, 2007, plaintiff filed a complaint in the United States District Court for the Western District of Missouri, naming the IRS as defendant and alleging that the IRS wrongfully disallowed his tax refund claims for tax years 1999, 2001, 2002, 2003, 2004, and 2006.  He filed a motion for summary judgment, and then filed a motion for leave to dismiss his claims relating to tax years 2003, 2004, and 2006, asserting that he

---

[3]  In support, plaintiff attaches the following: (1) copies of the amended tax refund claims and/or income tax returns submitted to the IRS for the tax years in question; (2) correspondence from the IRS; (3) print outs of account transcripts apparently accessed online; (4) a copy of a refund check dated September 21, 2007, in the amount of $68.99; and (5) two Plaintiff's Affidavits in Support of Summary Judgment, containing plaintiff's sworn statements.

[4]  Attached to defendant's motion is (1) the declaration of Olivia Hussey, the United States' attorney; (2) a copy of the electronic docket sheet associated with Western District of Missouri Case No. 07-cv-00511-NKL; (3) a copy of the complaint filed in that case; (4) a copy of plaintiff's motion for leave to dismiss certain counts in that case; (5) an order of the court in that case; (6) a copy of an Eighth Circuit opinion filed in Case No. 08-1004; and (7) certified copies of plaintiff's account transcripts for tax years 2003, 2005, 2007, and 2008.

had received his claimed tax overpayment from the IRS for those years.

In an order dated December 14, 2007, Judge Nanette Laughrey denied plaintiff's motion for summary judgment as to tax years 1999, 2001, and 2002, and granted defendant's cross-motion for partial summary judgment as to those years, finding that plaintiff's claims related to tax years 1999, 2001, and 2002 were barred by the applicable statute of limitations. *McKinzy v. Internal Revenue Serv.*, No. 07-cv-00511-NKL, 2007 WL 4373973, at *3 (W.D. Mo. Dec. 14, 2007) (citing 26 U.S.C. § 6511(a)). The court stated that it "lack[ed] subject matter jurisdiction over any claim for a refund beyond the limitation period" and therefore granted the government's cross motion for summary judgment. As for years 2003, 2004, and 2006, the court denied plaintiff's motion for summary judgment because discovery had not yet been completed. *Id.* at *3–4. By text entry that same day, the court granted plaintiff's motion to dismiss the three counts relating to tax years 2003, 2004, and 2006. The Eighth Circuit affirmed the district court's decision granting summary judgment based on the statute of limitations. *McKinzy v. Internal Revenue Serv.*, No. 08-1004, 2009 WL 1587703 (8th Cir. May 14, 2009).

In the instant case, plaintiff argues that the facts establish that plaintiff is entitled to summary judgment. However, in his response to defendant's cross-motion for summary judgment, plaintiff claims that there are genuine issues of material fact in dispute. Particularly, as to tax years 1999, 2001, 2002, 2003, 2007, and 2008, he disputes that he owed a debt for that year; that he received a refund; or that he was "required by law to wait." He denies having received any refund from defendant. Plaintiff's motion for summary judgment contains only his statements of uncontroverted fact, including his conclusions regarding the merits of his claim, and is supported by, among other things, his own self-serving affidavits. Defendant argues that plaintiff is barred from relitigating claims that he raised or could have raised in the prior lawsuit between the parties in the Western

District of Missouri, which resulted in an adjudication on the merits against plaintiff.  As to the

claims for the remaining years, defendant argues it is entitled to summary judgment because it has

paid plaintiff the refund amounts or accepted his claimed overpayment and credited it toward his

outstanding liabilities for tax year 2001.

## III.    Standards

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine

issue as to any material fact" and that it is "entitled to judgment as a matter of law."  Fed. R. Civ. P.

56(c).  In applying this standard, the court views the evidence and all reasonable inferences

therefrom in the light most favorable to the nonmoving party.  *Adler v. Wal-Mart Stores, Inc.*, 144

F.3d 664, 670 (10th Cir. 1998) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S.

574, 587 (1986)).  The filing of cross-motions for summary judgment does not changed the standard

of review.  *James Barlow Family Ltd. P'ship v. David M. Munson Inc.*, 132 F.3d 1316, 1319 (10th

Cir. 1997) ("Where, as here, the parties file cross motions for summary judgment, we are entitled to

assume that no evidence needs to be considered other than that filed by the parties, but summary

judgment is nevertheless inappropriate if disputes remain as to material facts.").

While this court construes *pro se* pleadings liberally, plaintiff's *pro se* status does not excuse

him from the burden of coming forward with some "specific factual support," other than conclusory

allegations, to support his claims.  *Douglass v. Gen. Motors Corp.*, 368 F. Supp. 2d 1220, 1228 (D.

Kan. 2005) (citing *Pueblo Neighborhood Health Ctrs., Inc. v. Losavio*, 847 F.2d 642, 649 (10th Cir.

1988).

## III.    Discussion

### A.    Collateral Estoppel/Res Judicata: Tax Years 1999, 2001, 2002, and 2003

Defendant argues that plaintiff is barred from relitigating claims that he raised or could have

raised in the lawsuit between the parties filed by plaintiff in the United States District Court for the Western District of Missouri, which resulted in an adjudication on the merits against plaintiff.

Although the doctrines of res judicata and collateral estoppel operate in slightly different manners, both are based on the principle that final earlier judgments must be advanced and adhered to by subsequent courts. *Augustine v. Adams*, 88 F. Supp. 2d 1166, 1170 (D. Kan. 2000). Under res judicata, commonly referred to as claim preclusion, a final judgment on the merits precludes the parties or their privies from relitigating any claims that were or could have been raised in that action. *See Allen v. McCurry*, 449 U.S. 90, 94 (1980). Under collateral estoppel, also known as issue preclusion, a court's decision on an issue of fact or law that is necessary to its judgment precludes relitigation of the same issue in a different cause of action between the same parties. *See Montana v. United States*, 440 U.S. 147, 153 (1979). This court analyzes the question under federal law. *Augustine*, 88 F. Supp. 2d at 1170.

For the doctrine of res judicata to apply, the following three conditions must be satisfied: (1) a final judgment on the merits must have been made in the prior action; (2) the parties must be identical or in privity; and (3) the suit must be based on the same cause of action. *See Yapp v. Excel Corp.*, 186 F.3d 1222, 1226 (10th Cir. 1999) (citing *King v. Union Oil Co. of Cal.*, 117 F.3d 443, 445 (10th Cir. 1997)).

Based on the uncontested facts, the parties in this action are identical to those in the prior action and the present lawsuit is based on the same causes of action as the previous one. Furthermore, the Western District of Missouri's Order granting partial summary judgment in favor of defendant constitutes a "final judgment on the merits." Although generally, dismissal for "lack of subject matter jurisdiction" is not on the merits, a judgment based on the applicable statute of limitations does constitute an adjudication on the merits. *See Plaut v. Spendthrift Farm*, 514 U.S.

211, 228 (1995); *Murphy v. Klein Tools, Inc.*, 935 F.2d 1127, 1128–29 (10th Cir. 1991).  This court looks to the substance of the order to determine its preclusive effect.  *Pimentel & Sons Guitar Makers, Inc. v. Pimentel*, 477 F.3d 1151, 1153–54 (10th Cir. 2007) (in deciding the appealability of a district court order, "we consider the substance rather than the form of the motion and caption of the order," citing *Sierra Club v. Marsh*, 907 F.2d 210, 213 (1st Cir. 1990) (the court looks "not to the form of the district court's order but to its actual effect")).  Here, Judge Laughrey's Order granted summary judgment and dismissed the claims because they were barred by the applicable statute of limitations.   Plaintiff had a full and fair opportunity to—and did—oppose the motion for summary judgment in the Western District of Missouri case.

　　　　For collateral estoppel to apply, the following conditions must be satisfied: (1) the issue previously decided must be identical with the one presented in the current action; (2) the party against whom the doctrine is invoked must have been a party or in privity with a party to the prior action; (3) the party against whom the doctrine is raised must have had a full and fair opportunity to litigate the issue in the prior action; and (4) the prior action must have been finally adjudicated on the merits.  *See Murdock v. Ute Indian Tribe*, 975 F.2d 683, 687 (10th Cir. 1992) (citing *United States v. Rogers*, 960 F.2d 1501, 1508 (10th Cir. 1992)) (quoting *In re Lombard*, 739 F.2d 499, 502 (10th Cir. 1984)).  Even viewing the facts in the light most favorable to plaintiff, the issues are identical; plaintiff was a party to the prior action; plaintiff had a full and fair opportunity to litigate the issues in that action; and Judge Laughrey's December 14, 2007 Order constituted a final adjudication on the merits as to plaintiff's claims relating to tax years 1999, 2001, and 2002.

　　　　As for tax year 2003, defendant alleges that the IRS paid plaintiff $4,458.85, plus interest, on October 29, 2007.  (*See* Doc. 13, at 4; 13-7, Ex. 6; Doc. 9, Ex. E, at 6.)  And in his motion to dismiss filed in the Western District of Missouri case, plaintiff admitted he received his claimed

overpayment for tax year 2003.

This court concludes that application of either doctrine bars plaintiffs claims. Such application will relieve the parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication. *See Allen*, 449 U.S. at 94. Plaintiff has had a full and fair opportunity to challenge his amended tax refund claims for years 1999, 2001, 2002, and 2003, in the Western District of Missouri action. His claims as to 1999, 2001, and 2002 were denied in a judgment on the merits, and he admitted and dismissed his 2003 claim as moot. He may not relitigate those claims here.

**B.      Tax Years 2003, 2005, 2007, and 2008**

Defendant alleges that for tax year 2003, the IRS paid plaintiff $4,458.85, plus interest, on October 29, 2007. (*See* Doc. 13, at 4; 13-3, Ex. 6; Doc. 9, Ex. E, at 6.) For tax year 2005, the IRS refunded $68.99 to plaintiff on September 24, 2007. (*See* Doc. 13, at 4; 13-3, Ex. 7; Doc. 9, Ex. D, at 3–4.) The IRS also refunded plaintiff $319 for tax year 2007 on March 17, 2008. (*See* Doc. 13, at 4; 13-3, Ex. 8.) Regarding tax year 2008, the IRS accepted plaintiff's claimed $1,055 overpayment for tax year 2008 and applied the overpayment to plaintiff's outstanding liabilities for tax year 2001. (*See* Doc. 13, at 4; 13-3, Ex. 9.)[5]

In response, indeed, even upon this court's liberal review of the record, plaintiff fails to offer any evidence other than his own conclusory allegations to controvert the evidence presented by defendant. Plaintiff cannot meet his burden under Rule 56. Because there is no genuine issue of material fact in dispute, the court concludes that defendant is entitled to summary judgment on

---

[5] Plaintiff asserts that defendant has produced no admissible evidence. Although the court will only consider, for summary judgment purposes, evidence that would later be available to the jury in some form or another, *see Trevizo v. Adams*, 455 F.3d 1155, 1160 (10th Cir. 2006), plaintiff provides no reason why defendant's certified copies of account transcripts are inadmissible, and the court sees no reason why they should not be considered.

plaintiff's claims.

**IT IS THEREFORE ORDERED** that plaintiff's Motion for Summary Judgment (Doc. 9) is denied.

**IT IS FURTHER ORDERED** that defendant United States' Response in Opposition to Plaintiff's Motion for Summary Judgment and United States' Cross-Motion for Summary Judgment (Doc. 15) is granted.

**IT IS FURTHER ORDERED** that plaintiff's claims are dismissed.

Dated this <u>1st</u> day of October 2009, at Kansas City, Kansas.

**<u>s/ Carlos Murguia</u>**
**CARLOS MURGUIA**
**United States District Judge**
